402 So.2d 363 (1981)
Johnny James KNIGHTEN
v.
STATE.
4 Div. 859.
Court of Criminal Appeals of Alabama.
June 23, 1981.
L. Merrill Shirley, Elba, for appellant.
Charles A. Graddick, Atty. Gen. and Sandra M. Solowiej, Asst. Atty. Gen., for appellee.
BOWEN, Judge.
In the early morning hours of May 5, 1979, the defendant brutally beat and killed his wife. The defendant was indicted and convicted for murder in the first degree. Sentence was life imprisonment.

I
The defendant's argument that the State failed to lay the proper predicate for the admission of his confession into evidence is not supported by the record. Time and time again the words "or anyone in your presence" were included in the predicate-laying questions. C. Gamble, McElroy's Alabama Evidence, Section 200.02(3), n. 3 (3rd ed. 1977). Additionally, there was never any proof that the District Attorney was actually present during a portion of the questioning.
*364 Although proof of the corpus delicti should be introduced before admitting the defendant's confession, the error is cured by its introduction after the admission of the confession. Floyd v. State, 82 Ala. 16, 2 So. 683 (1886). To prove the corpus delicti in a murder prosecution "the State does not have to negative beyond a reasonable doubt that the death did not result from accident, suicide, or natural causes, but it is required to show only a reasonable probability that a criminal act of another was the cause of death." McElroy, Section 200.13. The corpus delicti may be proved by circumstantial as well as direct evidence. Watters v. State, 369 So.2d 1262, 1272 (Ala.Cr.App.1978), reversed on other grounds, 369 So.2d 1272 (Ala.1979).

II
Defendant's requested charge number 20 was properly refused. It was condemned in George v. State, 240 Ala. 632, 638, 200 So. 602 (1941), as being "a clear violation" of what is now Section 12-16-11, Alabama Code 1975, in that it invaded the province of the jury because it stated that there was no evidence of certain facts. See also White v. State, Ala.Cr.App., 6 Div. 492 (Ms. June 23, 1981). Statements of law in judicial opinions, especially when taken out of context, are not always proper for jury instructions in other cases. Magro v. State, 384 So.2d 871 (Ala.Cr.App.), cert. denied, 384 So.2d 875 (Ala.1980).

III
Although the defendant has a right to have questions answered truthfully on voir dire examination of the venire, the failure of a juror to make a proper response to a question regarding his qualifications to serve as juror does not automatically entitle the defendant to a new trial. The proper inquiry is whether the defendant's rights were prejudiced by the juror's failure to properly and correctly respond. Beauregard v. State, 372 So.2d 37, 41 (Ala.Cr. App.), cert. denied, 372 So.2d 44 (Ala.1979).
Here the undisputed evidence shows that juror Cecil Caldwell did not learn that the Dunk and Mary Alice Muskgrove he knew were the parents of the victim until after the trial was completed. He further testified that his acquaintance with Mr. and Mrs. Muskgrove did not influence his judgment and verdict in any manner. We note that in his voir dire examination of the jury defense counsel did not mention the names of the parents of the deceased. We find that Mr. Caldwell's failure to disclose his acquaintance with the decedent's family did not and could not have prejudiced the defendant.
We have searched the record and found no error. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All the Judges concur.