Murder; twenty years.
On the morning of April 22, 1981, appellant and his wife stopped at a store and gasoline station operated by the deceased, Jeffie "Dink" Smith. Appellant and Smith began arguing and a fight broke out, during which Smith struck appellant and knocked him down. As appellant was trying to get up, Smith cut him with a knife. The evidence was in conflict regarding whether appellant reached in his pocket before Smith pulled the knife. Smith cut the appellant above the eye, on his back and on his stomach, and then put the knife to appellant's neck, at which time a bystander yelled "Dink, don't kill him."
At that point, appellant called to his wife and told her to get his rifle from the truck. She brought the gun to her husband and he shot Smith. One witness testified that before appellant fired the shot, he and Smith had separated, and, when appellant pulled the trigger, he was ten feet away from the deceased. In addition, the State's forensic expert testified that the absence of gunshot residue on the victim's body indicated that the shot was not close-range.
After the shooting appellant left the scene. He was apprehended some three hours later when his truck overturned while he was attempting to flee from law enforcement officials. At that time he was found with several guns, including the alleged murder weapon. The appellant testified in his own behalf that he "blacked out" during the fight with Dink Smith and he could remember only part of what happened.
 I
Appellant contends that the trial court erred by denying his motion for a new trial. He claims that, had he known of certain information concealed by one of the prospective jurors, he would have challenged the venireman for cause. *Page 601 
In brief, appellant maintains that during voir dire his counsel asked the members of the jury panel whether they were acquainted with Tallapoosa Deputy Sheriff David Berry, a witness for the State. Appellant insists that one of the veniremen who failed to respond to this question answered, in a subsequent trial, that he knew Deputy Berry and had worked with him as an auxiliary deputy sheriff.
Neither the voir dire question in the present case, nor the fact of the venireman's participation in another proceeding, nor his answer to a question there appears in the record. We have before us only the assertions of counsel in the motion for new trial. There is no record of evidence presented on the motion. Compare Wallis v. State, 38 Ala. App. 359, 84 So.2d 788
(1955). Consequently, we have nothing to review. See James v.State, 246 Ala. 617, 21 So.2d 847 (1945).
 II To the charge in the indictment appellant entered pleas of not guilty and not guilty by reason of insanity. During opening argument appellant's counsel referred to the insanity plea and to certain evidence which he claimed would indicate that appellant did not know what he was doing at the time of the shooting. Later, although the defense presented no direct evidence, expert or otherwise, on the issue of insanity, there was some testimony pointing to appellant's irrational behavior on the day of the shooting.
After the defense rested the State called Dr. Thomas L. Smith, a psychiatrist at Bryce Hospital, in rebuttal. Immediately after the witness was sworn, and before the State began to examine him, the following occurred out of the hearing of the jury:
 "THE COURT: The defendant withdraws his plea of insanity and the court is not going to instruct on the insanity if you are seeking to rebut the plea of insanity by introducing the testimony of the doctor concerning his insanity. The defendant objects to that.
 "MR. CLAYTON: [Defense counsel] Yes, we object strenuously, there is no insanity plea. There's been no evidence of insanity presented, and no expert witness on the part of the defense put on. We feel like it is not subject to rebuttal by an expert witness on his sanity or insanity.
 "MR. GAVIN: [Assistant district attorney] Mr. Clayton in his opening statement stated that his primary defense would be insanity.
"MR. CLAYTON: Didn't say that. Go ahead.
 "MR. GAVIN: Throughout the entire trial there has been testimony concerning the erratic and eccentric acts by the defendant. This defendant has testified to all this grandeous ideas [sic] that he has.
"THE COURT: May be true.
 "MR. GAVIN: And at this point we're going to present the rebuttal testimony of Dr. Smith who was ordered to examine the defendant pursuant to a court order issued by this court in Tallapoosa County.
 "MR. YOUNG: [District Attorney] Your Honor, if he ever told that jury that, that is going to be an issue in the trial, we're entitled to put that on.
 "MR. CLAYTON: Your Honor, I strenuously disagree, and I'd like a ruling from the court.
"THE COURT: Overruled."
Appellant claims that it was error to allow Dr. Smith to testify in rebuttal that appellant was sane after the insanity plea had been withdrawn. He also insists that the physician's testimony violated the psychiatrist-client privilege outlined in § 34-26-2, Code of Alabama 1975, as amended.
Although the psychiatrist's testimony was unnecessary in view of the withdrawn insanity plea, we do not believe appellant was prejudiced by evidence that he was sane. Presumably, the withdrawal of the plea was an acknowledgment that appellant was sane, and we do not find that he was harmed by testimony to that effect. A.R.A.P. 45. *Page 602 
Appellant's objection based on the confidential nature of the psychiatrist-client privilege came too late. The witness had already answered three questions about what appellant told him and there was no motion to exclude. See Asbill v. State,390 So.2d 1168 (Ala.Cr.App.), cert. denied, 390 So.2d 1176 (Ala. 1980).
 III
Appellant maintains that the trial judge erred by allowing evidence of appellant's flight and attempt to resist arrest three hours after the incident in question and six miles away from the scene. He claims that the evidence was not part of the res gestae and too remote to have any bearing on the issues in the case.
Evidence indicating a defendant's consciousness of guilt is admissible without regard to its being part of the res gestae. See Stewart v. State, 398 So.2d 376 (Ala. 1981). An accused's actions at the time of his apprehension, if introduced to show his attempt to avoid capture, are relevant to prove his consciousness of guilt. See Sparks v. State, 376 So.2d 834
(Ala.Cr.App. 1979).
The prosecution is generally allowed great latitude in proving the facts surrounding a defendant's flight, C. Gamble,McElroy's Alabama Evidence, § 190.01 (1) (3d ed. 1977). In our judgment, the circumstances of appellant's apprehension three hours and six miles away from the crime scene were not too remote, see Gamble, supra at 190.01 (4), reflected his consciousness of guilt, and were properly admitted.
 IV
Appellant argues that the jury's verdict was contrary to the weight of the evidence. It was undisputed that appellant shot and killed the deceased. The only contested issue was self-defense. Our examination of the record indicates that, while appellant may have been in peril justifying the use of force, there was a conflict in the testimony regarding whether he was free from fault or unable to retreat. Under these circumstances, the jury was justified in concluding that the killing did not fall within the legal definition of self-defense. Starling v. State, 398 So.2d 337 (Ala.Cr.App.), cert. denied, 398 So.2d 342 (Ala. 1981). Conflicting evidence always presents a jury question and, provided the State establishes a prima facie case, this court will not disturb the verdict. McBryar v. State, 368 So.2d 568, cert. denied,368 So.2d 575 (Ala. 1979).
 V
Appellant complains of error in the refusal of three of his written requested charges. At the end of the court's oral instructions to the jury, however, appellant announced "satisfied." There is no longer an "automatic exception" to the refusal of written charges, and counsel must specifically object to the court's failure to give them in order to preserve the matter for review. Allen v. State, 414 So.2d 989
(Ala.Cr.App. 1981).
The record is free from error and the judgment of conviction by the Tallapoosa Circuit Court is affirmed.
AFFIRMED.
All the Judges concur.