BOWEN, Presiding Judge.
Rube Kenneth Long was convicted for assault in the first degree, sentenced to five years’ imprisonment, and ordered to pay $50,000 to the victim. The sentence was “split” with the appellant being required to serve two years in prison and three years on probation.
I
The appellant contends that the trial court erred in admitting into evidence the results of a blood test for alcohol, where the test was taken hours after the automobile collision and the prosecution failed to prove that the appellant had no access to liquor between the collision and the test.
The State’s evidence shows that, on Dan-ville Road in Morgan County, sometime shortly before 8:00 on the evening of April 16, 1983, the appellant, driving his pickup truck, was involved in a collision with a Ford automobile driven by Ronald Steele. When law enforcement officers arrived on the scene, the appellant was not present. He was located at 11:03 that same night walking on Danville Road. The appellant was “sort of stumbling and staggering right on the roadway.” His eyes were red and bloodshot.
When the officers approached him, the appellant “stated that he had been involved in an accident earlier and he was trying to get help.” The appellant was arrested for leaving the scene of an accident and was advised of his Miranda rights.
A state trooper took the appellant to the Parkway Medical Center, where he was treated for possible injuries. They arrived at approximately 11:15. Alabama State Trooper Roger Holt testified that, while at the hospital, the appellant consented to a blood alcohol test. A blood sample was taken at 12:43 A.M. The results of this test revealed a blood alcohol level of .21%.
At 1:17 that same morning, after the appellant had received medical treatment, he was again advised of his Miranda rights and signed a written waiver. In the statement, the appellant admitted that he had consumed six bottles of beer between 7:00 A.M. and 3:30 P.M. the day of the accident, that he had been involved in an accident, and had somehow gotten out of his truck and “blundered in the woods on foot” trying to get home. He also stated, “I did not drink any alcoholic beverages after the accident. I was blundering in the *870 woods and did not think there was anything to drink out there.” Trooper Holt testified that the appellant had not had any access to alcohol from the time he was picked up on the road until he gave the statement.
Here, the State proved that the appellant had no access to intoxicating liquors after the offense by the introduction of the appellant’s own statement. In responding to the argument of defense counsel that the appellant had to be “under observation” in order to prove that he had no access to alcohol, the trial judge stated:
“I don’t think the cases go that far. The issue is whether or not he has had alcohol, and he has said in his statement he didn’t have any. That to me is sufficient to go forward with the offer of evidence of what the test showed, ...”
******
“You have evidence that is of a higher level than you [defense counsel] are talking about. You have the man saying himself, ‘I didn’t drink any alcohol.’ What higher level of evidence can you have than that?”
******
“I don’t know of anybody that is a better witness than the man himself.”
******
“[Tjhat is a higher level than the police saying we had him in the car for three hours and he didn’t have any.”
Our review of the record convinces this Court that the prosecution properly proved the appellant’s lack of access to alcohol by his own statement and that the results of the blood alcohol test were properly admitted into evidence. In order to prove that the defendant had no access to alcohol during a given time period, it is not necessary that the defendant have been personally observed by another individual during that period. See generally, Nagem v. City of Phenix City, 488 So.2d 1379 (Ala.Cr.App. 1986).
On appeal, the appellant does not challenge the voluntariness of his statement. He does argue that his statement should not have been admitted into evidence because when it was admitted, the prosecution had not proved the corpus delicti of the charged crime. This contention lacks merit for two reasons: First, this issue was not presented to the trial judge, and therefore, is not preserved for review. Scanland v. State, 473 So.2d 1182, 1186 (Ala.Cr.App.), cert. denied, 474 U.S. 1035, 106 S.Ct. 602, 88 L.Ed.2d 581 (1985). Second, the State did prove the corpus delicti so that even if the confession were improperly admitted for this reason, the error was harmless. Knighten v. State, 402 So.2d 363, 364 (Ala.Cr.App.1981).
II
The appellant contends that the failure of a prospective juror to respond to voir dire questions was prejudicial error. Here, as in Howard v. State, 417 So.2d 599, 601 (Ala.Cr.App.1982), neither the voir dire question nor the juror’s answer appears in the record. “We have before us only the assertions of counsel in the motion for new trial. There is no record of evidence presented on the motion.... Consequently, we have nothing to review.” Howard, supra. (Citation omitted.) “Assertions of counsel in an unverified motion for new trial are bare allegations and cannot be considered as evidence or proof of the facts alleged.” Smith v. State, 364 So.2d 1, 14 (Ala.Cr.App.1978).
III
The appellant asserts that the trial court erred in ordering him to pay $50,000 “in restitution” before his release from prison “without offering the Appellant an opportunity to make his position known as to his ability to pay and whether or not the victim has been compensated.” Appellant’s brief, p. 12.
The trial judge did not order restitution under Alabama’s Restitution to Victims of Crimes Act. Alabama Code 1975, § 15-18-65 et seq. At the sentencing hearing, the trial judge stated to the appellant, “After your discharge I am going to require as a condition to your release that this judgment that you have consented to *871 for $150,000.00 — that at least one third of that be paid.” The trial judge then asked and the appellant responded that he had no questions about his sentence.
“This power of the courts to grant probation is a matter of grace, and lies entirely within the sound discretion of the trial court.” Wray v. State, 472 So.2d 1119, 1121 (Ala.1985). Alabama Code 1975, § 15-22-52, provides that as a condition of probation the trial court may order the probationer to “[m]ake reparation or restitution to the aggrieved party for the damage or loss caused by his offense in an amount to be determined by the court.” Suarez v. State, 369 So.2d 858, 861 (Ala.Cr. App.), cert. denied, Ex parte Suarez, 369 So.2d 863 (Ala.1979).
Here, the appellant made no objection to the condition of probation. He did request the court to reduce his sentence by “not requiring him to pay the sum of $50,000.00 to the [victim] prior to his release from prison” in his motion for new trial. However, no reason was stated for this request. Since the appellant did not present this issue to the trial judge, it has not been preserved for appeal and there is nothing for this Court to review. Eddins v. State, 501 So.2d 574, 578 (Ala.Cr.App.1986).
The appellant was represented at trial and on appeal by retained counsel. The record contains no suggestion that he is indigent. If the appellant should become indigent and unable to make restitution as ordered, he may seek relief through a petition for writ of habeas corpus. Crutcher v. State, 439 So.2d 725 (Ala.Cr.App.1983).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.