The appellant was convicted of robbery in the first degree and was sentenced to imprisonment for a term of life without parole, pursuant to the Habitual Felony Offender Act.
 I
The appellant argues that the trial court erred in denying his motion to suppress based on an allegedly suggestive one person show-up. However, the record indicates that the police did not conduct such a showup. Approximately three days after the robbery, Sergeant Kirkland, of the Dothan Police Department, drove the robbery victim to Riley's Trailer Park, in order to determine whether she could identify the perpetrator's vehicle. The victim pointed out "a two-tone, '75 Chrysler Cordoba". Sergeant Kirkland then drove out of the trailer park and returned shortly afterwards, whereupon the victim again identified the same vehicle, although it had been moved. The victim then observed a man working outside, pointed to him, and stated that that man was the person who had robbed her. Sergeant Kirkland testified that the victim became hysterical and tried to lie down on the back seat. Sergeant Kirkland identified the appellant in court as the man the victim had indicated.
Although Sergeant Kirkland drove the victim through the trailer park to determine whether she could identify the robber's vehicle, the police were not conducting a one man show-up. The fact that the victim happened to identify the robber at that time was a matter of chance. Inherent in a one man show-up is the necessity that the police, or some similar authority, arranged and conducted the show-up. "[S]howing a suspect singly to a victim is pregnant with prejudice. The message is clear: the police suspect this man. That carries a powerfully suggestive thought." Biggers v. Tennessee,390 U.S. 404, 407, 88 S.Ct. 979, 981, 19 L.Ed.2d 1267 (1968). (Emphasis in original.)
Not only was the above-noted instance not a one man show-up, but the record indicates no evidence of suggestiveness or *Page 707 
impropriety by Sergeant Kirkland, during the identification, which would have prejudiced the appellant.
 II
The appellant argues that the trial court erred in allowing credit cards to be admitted into evidence, allegedly implying prior criminal behavior by the appellant. The record indicates that the State introduced evidence concerning a credit card and receipts to show that the appellant had used the same credit card on a prior occasion, approximately four weeks before the date of the instant robbery. The trial court allowed the credit card into evidence under the identity exception to the exclusionary rule.
This matter is not preserved for our review. The appellant made an oral motion in limine prior to trial, objecting to any attempt by the State to introduce a Visa credit card and Exxon oil company receipts, because they were evidence of prior crimes. However, when the State questioned the robbery victim about the appellant's prior use of the credit card and the fact that it had been reported stolen, the appellant failed to object. In Phillips v. State, 527 So.2d 154, 156 (Ala. 1988), the Alabama Supreme Court held:
 "[T]he pre-trial colloquy noted above, even taking it as the presentation of a motion in limine, did not, as the court below held and as respondent argues in brief, preserve any error for review. It is the law 'that an appellant who suffers an adverse ruling on a motion to exclude evidence (or other matters, e.g., argument of counsel), made in limine, preserves this adverse ruling for post-judgment and appellate review only if he objects to the introduction of the proffered evidence or other matters and assigns specific grounds therefor at the time of trial, unless he has obtained express acquiescence of the trial judge that such subsequent objection to evidence proffered at trial and assignment of grounds therefor are not necessary. See C. Gamble, The Motion in Limine: A Pre-Trial Procedure That Has Come of Age, 33 Ala.L.Rev. 1 (1981).' Liberty National Life Ins. Co. v. Beasley, 466 So.2d 935, 936 (Ala. 1985)."
Therefore, because the appellant did not object to the introduction of evidence concerning his prior use of the stolen credit card during the State's witness's testimony at trial, and because there is no indication in the record that the trial court indicated that such an objection during trial was unnecessary, the matter was not preserved for our review.
 III
The appellant argues that the trial court erred in allowing testimony concerning a circuit court summary sheet to show evidence of the defendant's subsequent flight. However, "[f]light has long been held by our courts to be admissible as tending to show an accused's consciousness of guilt."Casher v. State, 368 So.2d 565, 567 (Ala.Cr.App.), writ denied,368 So.2d 567 (Ala. 1979). "Flight is a circumstance which the jury may consider in determining guilt." Carlisle v. State,465 So.2d 1205, 1206 (Ala.Cr.App. 1984), citing Bighames v. State,440 So.2d 1231, 1234 (Ala.Cr.App. 1983). Furthermore, "[t]he prosecution is generally allowed great latitude in proving the facts surrounding a defendant's flight, C. Gamble, McElroy'sAlabama Evidence, § 190.01(1) (3d ed. 1977)." Howard v. State,417 So.2d 599, 602 (Ala.Cr.App. 1982).
In the present case, the State proved the appellant's flight, which occurred after he had entered his plea, by official court records which indicated that the appellant did not appear for trial and subsequently was arrested under an alias writ of arrest. The appellant's flight was not too remote, C. Gamble,McElroy's Alabama Evidence, § 190.01(4) (3d ed. 1977), nor was the State's method of proof improper.
 IV
The appellant argues that the trial court erred in denying his motion for directed verdict based on the prosecutor's claimed failure to prove the elements of robbery. Specifically, the appellant argues that the State failed to meet its burden of *Page 708 
proof, because Ann Cole, the robbery victim, was not the owner of the credit card; rather the card had the name Marjorie G. Austin as owner.
A person commits the crime of robbery in the first degree if, in the course of committing a theft, he uses force against the person of the owner or any person present, with intent to overcome that person's physical resistance, and if he is armed with a deadly weapon or causes serious physical injury to another. See §§ 13A-8-41 and 13A-8-43, Code of Alabama (1975). The evidence is clear that the appellant used a gun against Ann Cole, who constituted a "person present," with the intent to overcome her physical resistance. The facts that the indictment failed to name the owner of the credit card and that the State failed to introduce evidence that the appellant stole the credit card from its original owner do not mean that the State failed to prove a prima facie case. For purposes of robbery, the "owner" is the person in possession of the property. Kentv. State, 56 Ala. App. 1, 318 So.2d 742 (1975); Mays v. State,335 So.2d 246 (Ala.Cr.App. 1976). Further, it is not necessary that the property taken be that of the person from whom it is taken. Douglass v. State, 21 Ala. App. 289, 107 So. 791 (1926);Riggens v. State, 44 Ala. App. 275, 207 So.2d 141 (1968); Smileyv. State, 53 Ala. App. 268, 299 So.2d 312, cert. denied,292 Ala. 750, 299 So.2d 316 (1974); Mays v. State, supra. In this case, Ann Cole was the owner and she is named in the indictment.
The State proved the crime of robbery in the first degree by establishing that the appellant, using a gun, threatened Ann Cole in order to obtain the credit card. See Johnson v. State,406 So.2d 451, 455 (Ala.Cr.App. 1981).
 V
The appellant argues that the trial court erred in allowing into evidence "mug shots," on the grounds that they were highly prejudicial and irrelevant. The record indicates that after defense counsel objected to the admission of a photograph, a discussion was held outside the hearing of the jury and the trial judge said:
 "I think the picture is relevant to the issue in this case of identity. Secondly, it was a picture taken at the time of his arrest and there is no question, I don't think, in anybody's mind that he was arrested and booked on the present charges against him."
The admission of the mugshot did not constitute reversible error.
 "The prerequisites to ruling that the introduction of mug shot type photographs does not result in reversible error are: (1) the prosecution must have a demonstrable need to introduce the photographs; (2) the photographs themselves must not imply that the defendant has a prior criminal record; and (3) the manner of introduction of the photographs at trial must be such that it does not draw particular attention to the source or implications of the photographs. United States v. Harrington, 490 F.2d 487, 484 (2d Cir. 1973)."
Walker v. State, 523 So.2d 528, 535 (Ala.Cr.App. 1988).
In the present case, these prerequisites were established. The photograph was introduced by the prosecution because there was a discrepancy between the appellant's appearance at the time of trial and the appellant's appearance at the time of the offense, as testified to by State's witnesses. The record indicates that at the time of trial, the appellant had grown a beard and that there was significantly more gray in his hair. Furthermore, the photographs did not imply that the appellant had a prior criminal record, because the prosecutor prefaced its admission by asking the appellant's sister if, at the time of the offense, the appellant's appearance was like that shown in the photograph, to which she responded affirmatively, thus implying that the photograph was taken close to the time of the offense. As the trial court noted, the jury was surely aware that the appellant had been arrested for the instant offense. Last, the manner of introduction of the photograph did not draw particular attention to its source or implications. No *Page 709 
mention was made of the fact that the photograph was a mugshot by either the prosecutor or any witness. Walker v. State, supra. We find no abuse by the trial court in his holding that the photograph was relevant and not unduly prejudicial. C. Gamble, McElroy's Alabama Evidence, § 21.01(1) and (4) (3d ed. 1977).
 VI
The appellant argues that the trial court erred in instructing the jury as to the appellant's "flight," i.e., his failure to appear for trial, contending bad character on the part of the appellant. However, as previously stated, evidence of flight is admissible to imply guilt on the part of the accused. See part III. In determining whether an instruction concerning flight should have been given, the question is "simply whether such evidence was presented." Ex parte McGee,383 So.2d 205, 206 (Ala. 1980). In the present case, the State provided sufficient evidence that the appellant failed to appear for trial on June 28, 1986.
 VII
The appellant argues that the trial court erred in allowing the State to offer testimony concerning his name change in order to prove flight. However, evidence that the appellant changed his name, after he had fled, was relevant to show that he was attempting to avoid being found and prosecuted. "The prosecution is generally allowed great latitude in proving the facts surrounding a defendant's flight." Howard v. State,417 So.2d 599, 602 (Ala.Cr.App. 1982), citing C. Gamble, McElroy'sAlabama Evidence, § 190.01(1) (3d ed. 1977). The trial court did not abuse its discretion in allowing the prosecutor to question a witness on cross-examination concerning the appellant's name change.
 VIII
The appellant lists 44 grounds to show that his civil rights were violated by the ineffectiveness of his trial counsel, in an attempt to meet the standard set out in Strickland v.Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984). However, the appellant has presented no legal argument and, therefore, no arguable issues for appeal. Vinzant v.State, 462 So.2d 1037 (Ala.Cr.App. 1984). Moreover, although the appellant makes certain allegations of facts, those facts alleged are not included in the record and, therefore, will not be considered on appeal. Williams v. State, 412 So.2d 1274
(Ala.Cr.App. 1982).
 IX
The appellant, pro se, also argues 16 grounds for reversal; however, he fails to cite any legal authority in support of his claims. Therefore, these issues are waived. Johnson v. State,500 So.2d 494 (Ala.Cr.App. 1986).
AFFIRMED.
All Judges concur. *Page 976