MONTIEL, Judge.
The appellant, Glenn Summerford, was indicted for the attempted murder of his wife, Darlene Summerford, in violation of § 13A-4-2, Code of Alabama 1975. The jury found the appellant guilty as “charged in the indictment.” The appellant was sentenced as a habitual felon to the term of 99 years in the penitentiary. He raises four issues on appeal.
I
The appellant contends that the State violated a discovery order by suppressing allegedly exculpatory evidence. Specifically, he asserts that the prosecution committed reversible error by failing to provide him a copy of a statement made by his wife to an investigating officer. The record reflects that the appellant filed a discovery motion, which requested “any matters, materials or memoranda which are exculpatory in nature.” (R. 7.) The court ordered that the State comply with the request unless the State filed a motion for a protective order. The record contains no such motion.
During the trial, the wife testified regarding the events leading to the arrest of the appellant. Clarence Bolte, the investigating officer, also testified to information the wife conveyed to him.
After the trial, the appellant’s counsel filed a motion for a new trial, citing as one ground the State’s failure to produce exculpatory evidence. In his memorandum in support of his motion for a new trial, the appellant asserted that during the examination of Bolte, the district attorney requested, in a bench conference, to use notes made by Bolte during his questioning of the wife. The appellant stated that the district attorney indicated he wanted to use these notes because Bolte’s testimony varied from his notes. This bench conference is not contained in the record. The notes in question had not been provided to the appellant when he filed his motion for a new trial, but he asserted in his motion that the notes appeared to contain information that contradicted the wife’s testimony.
A hearing was held on the motion for a new trial. During the hearing, the appellant’s counsel attempted to obtain from Bolte the notes made by him during his interview with the wife. The State objected on the grounds that the notes were the prosecution’s work-product and therefore not subject to discovery and, further, that they contained nothing exculpatory. The *1348 trial judge indicated that these notes would become part of the record. The trial judge denied the motion for a new trial.
The appellant contends on appeal that the wife’s trial testimony varies from the statement she gave to Bolte and that, therefore, Bolte’s notes were exculpatory because, he argues, they could have been used to impeach the wife. Thus, he argues, it was reversible error not to grant his motion for a new trial based on the prosecution’s failure to provide him with the notes.
In Gibson v. State, 555 So.2d 784 (Ala.Crim.App.1989), in discussing the discover-ability of statements of prosecution witnesses, we held:
“The general rule is that the accused is not entitled to discover statements of government witnesses before trial. Britain v. State, 518 So.2d 198, 203 (Ala.Cr.App.1987), cert. denied, 486 U.S. 1008, 108 S.Ct. 1736, 100 L.Ed.2d 199 (1988). However, as stated in Ex parte Pate, 415 So.2d 1140, 1144 (Ala.1981):
“ ‘The rule of discovery is different where a prosecution witness has testified on direct examination in the trial of the case.
“ ‘In such cases, the defendant, upon laying a proper predicate, is entitled to have the Court, at least conduct an in camera inspection as outlined in Palermo v. United States, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959). The trial court could determine initially (1) whether the statement made by the witness before the trial differed in any respects from statements made to the jury during trial, and (2) whether the statement requested was of such a nature that without it the defendant’s trial would be fundamentally unfair. Cooks [v. State, 50 Ala.App. 49, 276 So.2d 634, cert. denied, 290 Ala. 363, 276 So.2d 640 (1973)], supra.
“ ‘The production for inspection of any statement, of course, would lie within the sound discretion of the trial judge.’
“Pate applies only to statements in writing prepared by the witness, or on his behalf, and signed or otherwise authenticated by him. Williams v. State, 451 So.2d 411, 416 (Ala.Cr.App.1984). “‘A statement, memoranda, or notes, not read by the witness interviewed and not signed or authenticated by the witness cannot be considered evidence.’ ” Id. quoting Cooks v. State, 50 Ala.App. 49, 276 So.2d 634, 637 cert. denied, 290 Ala. 363, 276 So.2d 640 (1973).
“Here, the ‘statements’ sought were not actually statements, but, rather, memoranda prepared by the investigating officers. Thus, Pate has no bearing on this issue in the instant case.”
Gibson, 555 So.2d 784, 791. See also A.R.Cr.P. 16.1(e).
In the instant case, the notes were not signed or otherwise authenticated by the wife and the trial judge determined that the notes were not discoverable before trial or after the wife testified. We find no abuse of discretion in this decision. The following excerpt from the trial court’s order denying the motion for a new trial is especially relevant to our determination that the trial court did not abuse its discretion:
“Ground ‘D’ alleges that certain exculpatory matters were withheld from the defendant despite a timely discovery request. The only mention of this on the Motion for New Trial is in regards to the investigatory notes made by Officer Clarence Bolte. A request was made for these notes before trial, and the court reviewed the notes and determined there was nothing contained therein that was exculpatory or in other way discoverable. The witness did not use the notes during his testimony, nor refresh his memory from the notes prior to his testimony, and there was no cause to produce them during the trial. The State did make some effort to rehabilitate Officer Bolte through the use of the notes, but the court sustained the defendant’s objection.
“At the time that the motion for discovery of the notes was made before trial, there was absolutely nothing con *1349 tained therein to permit them to be produced to the defendant, nor has anything developed since that time that would require such production.
“There is no merit in this ground.”
(R. 45.)
II
The appellant contends that the judgment in this ease should be reversed because, he says, the jury foreman failed to disclose, during voir dire, that he had known the wife and her family for more than 20 years. The appellant asserts that this error occurred because he was not allowed to state during voir dire where the wife resided. He argues that had he been able to say where his wife lived, the juror’s memory might have been enhanced and he would have been able to indicate his relationship to the wife.
During the hearing on the motion for a new trial, the following colloquy occurred:
“Q. All right; now, Mr. B., you’ve been living in the Section area all of your life, haven’t you?
“A. Yes, sir.
“Q. And, of course, the complaining witness in this case also says that she’s a Sand Mountain resident and you are a mail carrier, aren’t you?
“A. Yes, sir.
“Q. And, how long have you been employed in that capacity?
“A. Twenty-two years.
“Q. Now, as a mail carrier, you become acquainted with a lot of people in the community, don’t you?
“A. Yes, sir.
“Q. All right; and, in the course of your life and in the course of your work as a letter carrier, of course, you have become acquainted with, or you are familiar with the name of Ms. Emma Collins and her family, haven’t you?
“A. Yes, sir.
“Q. And, how long have you been familiar with them and how long have you been acquainted with them?
“A. Well, I’m not acquainted with them, but I have known of them for, I would say, twenty-something years, probably.
“Q. Mr. B., do you remember when we were doing voir dire examination of jurors in this case and you were asked a series of questions in this ease?
“A. Yes, sir.
“Q. And, do you remember being asked this question, or this question in substance, whether any of the jurors or potential jurors know Glenda Darlene Collins Summerford?
“A. Yes, sir.
“Q. All right; and, do you remember your response to that?
“A. Yes, sir.
“Q. And, what was that response?
“A. I did not know her.
“Q. All right; and, do you remember being asked this question, ‘Do any of you jurors know any of Glenda Darlene Collins Summerford’s family?’
“A. Yes, sir.
“Q. And, what was your response to that question?
“A. I said, ‘No, sir, I didn’t know them.’
“Q. All right; would it have helped you to make a more accurate response to my questions on voir dire had you known the community in- which Glenda Darlene Collins Summerford resided?
“A. Yes, it would have.
“Q. All right; but that information was not provided to you, was it?
“A. No, sir.
“Q. Do you remember me asking for the complaining witness to give her community of residence?
“A. No, sir. I don’t really remember.
“Q. You probably could have given a more accurate and full and complete answers to my voir dire questions if you had known that she was a Sand Mountain lady that lived in the Section and Dutton area, couldn’t you?
“MR. DUKE: I object to that, Judge.
“THE COURT: Sustained.
*1350 “MR. LACKEY: We respectfully except.
“Q. Mr. B., did you form an opinion, or express an opinion, concerning this case before the evidence was all in and deliberations began?
“A. No, sir.
“MR. LACKEY: That’s all the questions I have.”
(R. 559-562.) (Emphasis added.)
From our reading of the above portion of the record, we find no evidence that the juror knew the wife or her family. He merely indicated that he had known of her family. Even if the juror had known the wife or her family, this admission would not warrant automatic disqualification of the juror. Brownlee v. State, 545 So.2d 151 (Ala.Crim.App.1988) aff'd, Ex parte Brownlee, 545 So.2d 166 (Ala.1989), cert. denied, 493 U.S. 874, 110 S.Ct. 208, 107 L.Ed.2d 161 (1989).
The appellant cites Knighten v. State, 402 So.2d 363 (Ala.Crim.App.1981), and attempts to distinguish it from the case at bar. In that case we held:
“[T]he undisputed evidence shows that juror Cecil Caldwell did not learn that the Dunk and Mary Alice Muskgrove he knew were the parents of the- victim until after the trial was completed. He further testified that his acquaintance with Mr. and Mrs. Muskgrove did not influence his judgment and verdict in any manner. We note that in his voir dire examination of the jury defense counsel did not mention the names of the parents of the deceased. We find that Mr. Caldwell’s failure to disclose his acquaintance with the decedent’s family did not and could not have prejudiced the defendant.”
Knighten, 402 So.2d 363, 364. The appellant asserts that the present case differs from Knighten, because, he says, in this case the juror knew the complaining witness and her family but failed to disclose this during voir dire examination. Thus, the appellant contends that he was probably prejudiced.
Contrary to the appellant’s assertion, it would appear that this case is similar to Knighten. From the record, it appears that the juror did not realize that he knew of the victim’s family until further inquiry at the hearing on the motion for a new trial when he was asked if he knew a person named Emma Collins. We fail to see how this revelation prejudiced the appellant.
This is especially true when in response to an inquiry from appellant’s counsel, the juror indicated that he did not form an opinion about the case until all the evidence was in. While it is true that the appellant’s counsel was not permitted to specify the community in which the wife resided because of concern for her safety, the appellant’s counsel was not prohibited from mentioning the community in which the wife’s family resided.
In his voir dire examination of the juror, the appellant did not indicate where the wife’s family lived. As the judge noted in his order denying the motion for new trial “a juror is not compelled to respond to a question that is not asked of him.” (R. 42.)
Ill
The appellant argues that the trial court erred by allowing the jury to separate without instructing the jurors not to form or express an opinion until the case was submitted to them. He asserts that there was extensive media coverage of the case and that without this admonition, the jurors were likely to arrive at a premature decision. In support of his contention, appellant excises only a portion of the trial court’s instructions to, the jury. He also points to the fact that the foreman of the jury admitted, during the hearing on the motion for a new trial, that he watched television during the trial. He asserts, therefore, that the foreman must have been exposed to the media coverage and that this exposure prejudiced the appellant.
This argument is without merit. The record clearly reflects that the trial court instructed the jury not to discuss the trial, not to read about the trial or not to watch any television coverage of the trial. Additionally, the trial court instructed the jury *1351 not to form a premature conclusion regarding the case. While the foreman of the jury did admit to watching television in the evenings during the trial period, he also testified that he did not watch any coverage of the trial and that he did not read about the trial during the course of the trial. Accordingly, we find no abuse of discretion in the trial court’s decision to allow the jury to separate. Reeves v. State, 518 So.2d 168 (Ala.Crim.App.1987). See also Rule 19.3(b), (c), and (d), A.R.Cr.P.
IV
The appellant contends that the court erred in sentencing him as a habitual offender. He alleges that the use of the prior convictions was erroneous because, he says, the name shown on the documents offered as proof of these convictions differs from his name and because these documents do not bear the signature or initials of the judge.
During the sentencing hearing, the prosecution offered evidence, in the form of two certified copies of minute entries, of two prior felony convictions in Jackson County, Alabama. The appellant objected to the use of these convictions for enhancement purposes, arguing that there was no proof that these minute entries concerned convictions of this defendant. He also offered a general objection that these copies did not comply with the requirements for minute entries because, he says, they did not contain the requisite detailed information. The name reflected on the copies of the minute entries is Glendon Buford Summerford. (R. 74 and 75.) The name on the indictment in this case reads “Glenn Summerford”. (R. 1.) The prosecution offered into evidence documents containing various spellings of the appellant’s name. Additionally, the wife testified that the appellant used various spellings of his name. After considering the testimony, the court found that the person listed on these minute entries offered as proof of prior convictions was the appellant. After a careful review of the record, we find no error in this decision.
The appellant also asserts that these prior convictions cannot be used to enhance his sentence because they do not contain the signature or initials of the judge and thus, he says, they do not comport with Rule 26.9(c)(1) and (2), A.R.Cr.P.
This argument is without merit. Section 13A-5-10.1(a), Code of Alabama 1975, provides:
“(a) Certified copies of case action summary sheets, docket sheets or other records of the court are admissible for the purpose of proving prior convictions of a crime, if the prior conviction is otherwise admissible under the laws of this state.”
The documents offered to prove the appellant’s prior convictions were certified by the clerk of the Circuit Court of Jackson County. Further, they contain the appellant’s name, the offense for which he had been convicted, and an indication that he was represented by counsel in these prior proceedings. Thus, it was not error to use these prior convictions for enhancement purposes. See Swicegood v. State, 565 So.2d 1206 (Ala.Crim.App.1990); Jackson v. State, 582 So.2d 598 (Ala.Crim.App.1991).
The appellant also asserts that the evidence of the prior convictions did not comport with the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), or Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971). Accordingly, he asserts, it was error to use these prior convictions to enhance his sentence. This argument, however, was not presented to the trial court during the sentencing hearing and is not preserved for our review. Jackson v. State, 502 So.2d 858 (Ala.Crim.App.1986).
AFFIRMED.
All the Judges concur.