PER CURIAM.
The petitioner, Taurus Terrell Frost, filed a petition for a writ of mandamus requesting that we direct Judge Gloria Bahakel to set a reasonable bail. In October 2001, Frost was arrested and charged with murder. At the time of Frost’s arrest he was on probation for a prior conviction of unlawful possession of marijuana in the first degree. The murder was allegedly committed while Frost was on probation. As a result of his arrest on the murder charge, Frost’s probation was revoked. Frost completed the underlying sentence on his possession conviction and then filed a petition for a writ of habeas corpus in the circuit court requesting that he be released on bail for the murder charge. After a hearing, Judge Bahakel denied habeas rehef; this petition followed.
We allowed the respondents 21 days to answer the allegations in the petition. The State has responded by arguing that we should deny mandamus relief because, it says, Frost has another available remedy — a writ of habeas corpus — and, therefore, this mandamus petition is due to be denied. Although this petition was styled as a petition for a writ of mandamus, we have looked beyond the style of the petition to its contents and the relief Frost seeks. Frost seeks a reasonable bail; therefore, Frost’s remedy is a writ of habeas corpus. See Ex parte Colbert, 717 So.2d 868 (Ala.Crim.App.1998). The Alabama Supreme Court stated in Ex parte Deramus, [Ms. 1010923, June 7, 2002] — So.2d -, - (Ala.2002):
“Indeed, the mere mislabeling of a motion is not fatal. King Mines Resort, Inc. v. Malachi Mining & Minerals, Inc., 518 So.2d 714, 718 (Ala.1987). This Court has stated that it is ‘committed to the proposition that it will treat a motion (or other pleading) and its assigned grounds according to its substance.’ King Mines Resort, 518 So.2d at 718; see also Lockhart v. Phenix City Inv. Co., 488 So.2d 1353 (Ala.1986), and Sexton v. Prisock, 495 So.2d 581 (Ala.1986). Further, the Court has held that ‘[t]he substance of a motion and not its style determines what kind of motion it is.’ Evans v. Waddell, 689 So.2d 23, 26 (Ala.1997). These principles, requiring us to construe motions and pleadings liberally in civil cases, should also be applied when determining whether a petitioner in a criminal case is entitled to a writ of habeas corpus.”
Frost argues that he is constitutionally entitled to be released on bail because he is charged with a noncapital offense — murder.
Judge Bahakel held a hearing on the habeas corpus petition and made the following findings:
“Bond hearing held this date as well as defendant’s petition for habeas. Defendant was present with his attorney of record, the Honorable Barry Alvis. Deputy District Attorney Holly McCarty was present on behalf of the State. Testimony was taken and after due consideration of same this Court feels that this Defendant' is a threat to the victim’s family as well as to himself. His mother testified that his reputation in the community is that he is known to sell drugs and that she would prefer that he stay in jail for his own safety until this case is resolved. The defendant has a drug problem and has failed and or refused to get treatment for same. Defendant stated to the police officer in this case that he was out buying drugs when this *1023 incident occurred. Defendant’s request for a bond is denied.”
This Court and the Alabama Supreme Court have often recognized that Section 16, Alabama Constitution of 1901, provides an absolute right to pretrial bail in all noncapital cases. See Ex parte Hall, 844 So.2d 571 (Ala.2002); Ex parte Colbert, 805 So.2d 687 (Ala.2001); Ex parte Bynum, 294 Ala. 78, 312 So.2d 52 (1975); Ex parte Fleming, 814 So.2d 302 (Ala.Crim.App.2001); Ex parte Colbert, 717 So.2d 868 (Ala.Crim.App.1998); Daniels v. State, 597 So.2d 1383 (Ala.Crim.App.1991). This provision of the Alabama Constitution affords a greater protection than the Eighth Amendment to the United States Constitution. The Eighth Amendment to the United States Constitution states that “[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.”
This Court has also recognized that the constitutional right to pretrial bail, like other constitutional rights, may be waived or forfeited. Ex parte Fleming, 814 So.2d 302 (Ala.Crim.App.2001). In Fleming, the defendant was on bail for one offense when he was arrested for committing another offense. We upheld the revocation of bail and stated that “a defendant may forfeit his constitutional right to pretrial bail by his conduct while out on bail.” 814 So.2d at 303. In support of this statement we cited the case of Shabazz v. State, 440 So.2d 1200 (Ala.Crim.App.1983). The Shabazz court, citing other state cases specifically addressing the denial of pretrial bail stated, “[WJhatever force constitutional arguments against preventive detention have is diminished if the defendant has been released and demonstrated a deliberate intent to violate reasonable restrictions aimed at protecting public safety.” 440 So.2d at 1202, citing Mello v. Superior Court, 117 R.I. 578, 370 A.2d 1262 (1977). See also State v. Dodson, 556 S.W.2d 938, 945 (Mo.App.1977), “ ‘While bail is favored and is granted in the ordinary course of events, an accused by his actions can forfeit his right to bail and the court is under a duty to protect its processes and to protect prospective witnesses.’ ” Quoting United States v. Smith, 444 F.2d 61, 62 (8th Cir.1971).
The logic of Shabazz and Fleming applies to the facts in this case. As both cases imply, an accused’s status at the time of the commission of the offense for which he seeks bail is extremely relevant when determining the accused’s right to bail. Here, Frost was on probation for his conviction for possessing a controlled substance at the time the murder was committed. Probation is not a matter of right but is a matter of grace that is left entirely in the discretion of the trial court. See Long v. State, 530 So.2d 868 (Ala.Crim.App.1987). An implied condition of every probation is that the probationer refrain from criminal activity. See Vogel v. State, 543 So.2d 200 (Ala.Crim.App.1989).
Section 15-13-109, Ala.Code 1975, addresses bail after an individual has been placed on probation and has violated the terms of the probation. This section states:
“In cases where the defendant has been placed on, or granted, probation and is arrested on a probation violation warrant, it shall be discretionary with the court having jurisdiction as to whether bail is granted and in what amount.”
Although, § 15-13-109 does not specifically address the issue presented in this case, it does stand for the proposition that probation violators are not guaranteed absolute bail by the bail provision contained in the Alabama Constitution of 1901.
*1024 Frost’s status at the time he committed the offense for which he now seeks bail was not the same as an individual who was not on probation. Frost’s conduct while on probation evidenced his “deliberate intent” to disregard conditions and restrictions placed on him by a court of law. Frost forfeited his right to pretrial bail by his conduct while on probation for his prior conviction.[1]
This petition for a writ of habeas corpus is due to be, and is hereby, denied.
PETITION DENIED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
SHAW, J., dissents.

. Frost's petition does not contain any facts surrounding his arrest on the murder charges. The petition contains very little factual information. What is clear is that Judge Bahakel held a hearing at which she heard testimony from the arresting officers and various other persons, including Frost's mother. Frost makes no argument in his petition that there was no probable cause to arrest him on the murder charge. See Rule 7.5(b), Ala. R.Crim.P. and Fleming, supra.